# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>        Plaintiff,<br>    v.<br><br>WHITE PINE TRUST CORPORATION, a California corporation; RICHARD MATTHEWS, an individual; and STEPHAN BAERE, an individual,<br><br>        Defendants,<br><br>LUCIA MATTHEWS, an individual,<br>        Relief Defendant. | Civil No. 04cv2093 J (NLS)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REMOVE RECEIVERSHIP [Doc. No. 194.]** |

Before the Court is Defendant Stephan Baere's ("Defendant") Motion to Remove Receivership as to Defendant Baere. [Doc. No. 194.] Plaintiff has filed an Opposition to the Motion for Summary Judgment ("Opposition"), and Defendant has filed a Reply to the Opposition ("Reply"). [Doc. Nos. 203, 205.] The Court has determined that the issues presented herein are appropriate for decision without oral argument. *See* S.D. Cal. Civ. R. 7.1(d)(1). For the reasons discussed herein, the Court **DENIES** Defendant's Motion to Remove Receivership.

*Discussion*

Defendant argues that "after twenty months, over a million dollars in Receiver fees, depositions of both Mr. and Mrs. Baere, a physical inspection of the Baere residence, [sic] a freeze on all Baere assets and accounts and exhaustive investigation, the fact is that Baere has and had no 'assets,' obtained lawfully or unlawfully from White Pine Trust and/or Richard Matthews, other than those fully and voluntarily disclosed in connection with the hearing on Preliminary Injunction." (Def.'s Mem. Supp. Mot. at 2.)  Plaintiff argues that "the purpose of the receivership has not concluded, and that Baere's perceived 'intrusion' by the Receiver is outweighed [by] the need to maintain the status quo until the litigation is concluded." (Pl.'s Opp'n at 1.)  For the reasons discussed below, the Court **DENIES** Plaintiff's Motion to Remove Receivership as to Defendant Baere.

As an initial matter, the purpose and rationale for maintaining the Receivership have not ceased.  The Court has entered summary judgment against Defendant Baere for fraud, and as a consequence, ordered relief in the form of restitution and disgorgement, as well as civil monetary penalties.  (*See* Order Granting Mot. for Summ. J. Against Def. Baere.)  Additionally, Plaintiff claims that Defendant Baere "testified that his residence currently has a $553,000 mortgage, but 'was appraised at $790,000.' "[1]  (Pl.'s Opp'n at 2.)  Pursuant to the Preliminary Injunction Order in which the Receiver was appointed, the Receiver is charged with "[p]reserv[ing], hold[ing] and manag[ing] all receivership assets, and perform[ing] all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to customers or clients, and "prevent[ing] the withdrawal or misapplication of funds entrusted to the defendants, and otherwise protect[ing] the interests of customers or clients." (Nov. 2, 2004, Order of Prelim. Inj. at 6.)  Accordingly, the Court **FINDS** that termination of the Receivership at this juncture would be inappropriate.

Defendant also argues that the Receivership has been a substantial burden and that such an "intrusive measure" is no longer necessary.  Defendant states that the "reporting

---

[1] While Plaintiff has failed to provide the Court with the deposition transcript to which it cites, Defendant does not rebut that such a statement was made or that the house still constitutes a recoverable asset.

1  requirements, permission necessity, depositions, [sic] inspections all have added to the difficulty
2  experienced by an out of work household . . . ." (Def.'s Mem. Supp. Mot. at 2.)  Defendant also
3  states that in addition to his reporting requirements, "the assembly, transmission, permission
4  [sic] requesting and continuing scrutiny occasioned by this unnecessary and unwarranted
5  receivership, [sic] it takes time from his young family, [sic] more uncompensated attorney time
6  and work and more explaining in the community." (Def.'s Reply at 4.)  While Defendant lists
7  numerous actions that seem at least typical of a receivership, Defendant fails to state with any
8  specificity the reasons why the Receivership has become such an intrusion.  For example, the
9  declaration of Defendant's attorney states that the "Receivership and the attendant damage to his
10 ability to obtain employment and the time spent complying with the constraints of the
11 Receivership order are burdensome . . . ." (Sept. 18, 2006, Metzger Decl. at 2.)  However,
12 Defendant fails to show how or in what specific way the Receivership has damaged his ability to
13 obtain employment.  Accordingly, the Court **FINDS** that Defendant has not shown that the
14 Receivership has become so intrusive as to warrant termination.

15        Defendant also makes the serious allegation that Plaintiff has a "calculated intent to
16 deprive Baere of the means to defend himself." (Def.'s Reply at 2.)  Defendant cites to an e-mail
17 allegedly sent from CFTC Attorney James Holl to Kenton Johnson, an employee of the
18 Receiver, which states "I'm fine with the granting of living expenses, but not attorney's fees."
19 Def.'s Reply, Ex. 1-1.)  However, Defendant does not state that such deprivation of attorney's
20 fees actually occurred.  In fact, in a reply to the above email, Linda Chandler, another Receiver
21 employee, states that "Kent is going to give you a call about the attorney's fees.  I don't think
22 Baere is requesting any right now." (*See id.*)  The Court considers allegations of interference
23 with the attorney client relationship of the opposing party as extremely serious.  However,
24 Defendant has not shown that he has been unable to pay for legal representation or that he has
25 applied for and been denied funds for the payment of attorney's fees.  The Court, thus, **DENIES**
26 Defendant's Motion to remove the receivership on the basis of interference with Defendant's
27 ability to secure legal representation.
28 //

*Conclusion*

For the reasons set forth above, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion to Remove Receivership.

**IT IS SO ORDERED.**

DATED: April 13, 2007

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Stormes
   All Counsel of Record